EEOC Form 5 (11/09)

| | |
|---|---|
| **CHARGE OF DISCRIMINATION**<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To: Agency(ies) Charge No(s):<br>☐ FEPA<br>☒ EEOC  560-2024-01809 |

Received by EEOC on 3/12/2024

**Missouri Commission on Human Rights** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Robert K. Wayne | 314-974-3971 | ▓▓/1965 |

Street Address: 4209 Hedgemont Drive, St. Louis, MO 63128

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| The Washington University, d/b/a Washington University in St. Louis | 500+ | 314-935-5152 |

Street Address: Office of the Executive Vice Chancellor and General Counsel
One Brookings Drive, Campus Box 1058, St. Louis, MO 63130

DISCRIMINATION BASED ON (Check appropriate box(es).):
☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: **August 2022**   Latest: **October 2023**
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I am a 58-year-old White male previously employed by The Washington University d/b/a as Washington University in St. Louis ("the University" or "Respondent") from March 21, 2011 until my employment of more than a decade was terminated on October 12, 2023. After Angela Coonce ("Coonce") (female) was hired as the Chief of Police for the WUPD in August 2022, I was subjected to an ongoing pattern of severe and pervasive discrimination, harassment and a toxic and hostile work environment based on my gender (male), my age, and was also subjected to retaliation for opposing the discriminatory treatment, which culminated in the termination of my employment on October 12, 2023.

I was employed by Respondent in the Washington University Police Department ("WUPD"), most recently at the rank of Lieutenant which I held from January 13, 2019 until the termination of my employment. Prior to

(continued on next page)

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: 03/12/2024
Charging Party Signature: [signature]

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

**EXHIBIT 1**

EEOC Form 5 (11/09)

| | |
|---|---|
| **CHARGE OF DISCRIMINATION**<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:   Agency(ies) Charge No(s):<br>☐ FEPA<br>☐ EEOC |

_Missouri Commission on Human Rights_ and EEOC
State or local Agency, if any

that, I was a Sergeant responsible for crime prevention and special events (July 2013 – January 12, 2019), Liaison Police Officer to campus, Greek and residential life (April 4, 2012 – July 2013), and Police Officer (March 21, 2011 – April 3, 2012).

I successfully performed my job duties throughout my employment, received positive employment evaluations, multiple commendations, and never had any disciplinary actions until Coonce was hired. I had also developed positive relationships with a multitude of outside campus partners. I have over thirty-five (35) years of experience in law enforcement, including the police departments for Berkley, Missouri and Ballwin, Missouri which I worked at for twenty-one (21) years and retired at the rank of Lieutenant.

Coonce never met with me or other members of the WUPD command staff to provide direction or discuss her expectations, and openly stated that she was not interested in hearing or discussing how the WUPD had operated historically. Rather, she chose to communicate via e-mail and send e-mails and memorandums after an issue occurred and tell officers what she had "expected", rather than meeting with officers to discuss her expectations in advance. Coonce's e-mails and memorandums were frequently hostile and demeaning.

Within the first two (2) months after Coonce was hired, one (1) Lieutenant resigned (male) and in December 2022 another Lieutenant retired (female). This left me as the only Lieutenant in the WUPD for a period of time, which resulted in a significant increase in responsibility for me. Coonce subsequently promoted Antonio Hubbard ("Hubbard") on May 2, 2023, a substantially younger Black male, with a decade less experience in law enforcement than I had, to the rank of Lieutenant, and Hubbard was treated more favorably than me and others similarly situated to me in age. Coonce stated she did not want to fill the third Lieutenant position.

On May 18, 2023, my direct supervisor, Captain Dave Goodwin ("Goodwin") filed a formal grievance against Coonce for creating a toxic environment, violating WUPD and University discipline policies, violating the University's Code of Ethics, the WUPD's CORE Value of Community Collaboration, the WUPD's Law Enforcement Code of Ethics, and the WUPD's rules regarding Respect for Others and Conduct which impairs the operations/effectiveness of the department. In his grievance, Goodwin provided a multitude of specific examples regarding how Coonce had targeted both him and me (he specifically named me in the grievance) as well as other males over fifty (50) years of age within the WUPD.

Kevin Pelzel, ("Pelzel") HR Consultant with the University's Human Resources Department, conducted an alleged investigation of Goodwin's grievance. I was interviewed by Pelzel as part of the investigation and I

(continued on next page)

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 03/12/2024      _[signature]_<br>Date         Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☐ EEOC | |

*Missouri Commission on Human Rights* and EEOC

State or local Agency, if any

told him about the discriminatory treatment that I, Goodwin and others were experiencing. I suggested that Pelzel talk to other officers within the WUPD but told him that everyone was fearful of retaliation. I do not know the extent of the investigation. This was the first of three (3) complaints that I made to Human Resources about the discriminatory and disparate treatment I was experiencing and witnessing.

Pelzel issued his findings via a Memorandum to Goodwin dated June 27, 2023, in which he stated that he "was not able to substantiate a violation of University or WUPD Policy." The Memorandum also stated, "Be advised that University policy prohibits any type of retaliation against individuals who have filed a complaint or who have participated in an investigation of a complaint."

Although Respondent purportedly prohibits retaliation, both I and Goodwin were subjected to multiple instances of retaliation by Coonce following the complaint, which ultimately led to Goodwin's constructive discharge on October 6, 2023, and the termination of my employment less than a week later on October 12, 2023.

On June 28, 2023, Goodwin conducted my annual performance appraisal, and I received a rating of "More Than Satisfactory" in each of the five (5) rated categories of "Effective Management of Business", "Professional Knowledge", "Decision Making/Problem Solving", "Leadership" and "Communication". The appraisal was forwarded to Coonce on June 29, 2023, but she failed to sign it until two (2) months later on August 23, 2023. Hubbard's annual performance appraisal was signed and returned immediately.

Paradoxically, Coonce had just initiated two (2) Internal Affairs ("IA") investigations on August 18, 2023, in which she questioned the way I supervised calls for service on August 9, 2023 and August 16, 2023. It is highly unusual for IA investigations to be conducted for these types of matters, and I believe that Coonce initiated the IA investigations and assigned them to Human Resources for investigation in a calculated move to give the appearance that someone other than herself found issues with my performance. Coonce is close friends with Vice Chancellor for Human Resources and Institutional Equity Scot Bemis ("Bemis"). In both IA investigations, no law enforcement employees were involved in assessing if my supervision of calls for service was appropriate. I believe Coonce's motive was to try and establish a pretextual reason to terminate my employment. On August 22, 2023, I was also verbally counseled at the direction of Coonce, for what Coonce allegedly perceived as me not being prepared for roll call during my shifts on August 18, 2023 and August 21, 2023. I explained to my superior that Coonce's allegations were not true, explained why, and stated that I had merely not conducted roll call in the same manner that Coonce would. Goodwin relayed Coonce's expectations of being present, prepared and alert and I confirmed that I understood those

(continued on next page)

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 07/12/2024            *[signature]*<br>Date            Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

| EEOC Form 5 (11/09) | | |
|---|---|---|
| **CHARGE OF DISCRIMINATION**<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☐ EEOC | Agency(ies) Charge No(s): |

_Missouri Commission on Human Rights_ and EEOC
State or local Agency, if any

expectations and would follow them.

On September 9, 2023, Coonce initiated two (2) new IA investigations in which she alleged that a call for service was mishandled on September 1, 2023 (assigned to WUPD Professional Standards for investigation) and that I had failed to follow a direct order from her that was given almost a year previously, on October 4, 2022, instructing me to have monthly meetings with a subordinate employee (assigned to Human Resources for investigation).

On September 18, 2023, before the investigations of the third and fourth IA complaints were concluded, I was issued a "Written Reprimand/Final Warning" regarding the first two (2) IA investigations initiated on August 18, 2023. Pursuant to University and WUPD policies, this level of discipline was not appropriate as I had never had any disciplinary actions in the previous twelve (12) years prior to the verbal counseling I had received on August 22, 2023, one (1) day prior to my "More than Satisfactory" performance review.

While I received a Written Reprimand/Final Warning, Hubbard (the much younger Lieutenant that Coonce had promoted), who was actually in charge of the officers that responded to one of the calls at issue, received no disciplinary action. Sgt. Dave Habermaas ("Habermaas"), who is over fifty (50) years of age, was the Sergeant on duty for this call and he, like me, received a Written Reprimand/Final Warning. Habermaas was forced into retirement a few months later.

Later in the day on September 18, 2023, while off duty after having worked the night shift, I was interviewed by Assistant Director, Employee Relations, Nannette Vaughn ("Vaughn") regarding the two (2) IA investigations that had been initiated on September 9, 2023. I told Vaughn about the discriminatory and retaliatory treatment that I and others were being subjected to by Coonce. This was my second complaint to Human Resources, and I again recommended that interviews of other members of the WUPD should be conducted. As documented in Vaughn's interview notes that she sent to me for review, Human Resources is not the decision-maker regarding disciplinary actions: "Lieutenant Wayne discussed his frustration with the way issues are handled lately regarding the patrol team. He expressed feeling tired as he had been working night shift and staying all day today. Lt. Wayne disclosed that he received corrective action earlier today for another situation and asked if HR makes decisions of corrective action. I informed him that HR is not the decision maker. He expressed understanding. Lt. Wayne was advised that he could appeal his corrective action both at the department level and the university level. Nannette also advised that if he was not well, he could potentially take FMLA if he had a serious health condition."

(continued on next page)

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 03/12/2024          _[signature]_<br>Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

EEOC Form 5 (11/09)

|  | |
|---|---|
| **CHARGE OF DISCRIMINATION**<br>This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:  Agency(ies) Charge No(s):<br>☐ FEPA<br>☐ EEOC |

*Missouri Commission on Human Rights* _____ and EEOC
*State or local Agency, if any*

I received no follow-up from Coonce following receipt of the Written Reprimand/Final Warning.  Prior to receipt of the Written Reprimand/Final Warning, I had considered applying to transfer into another job with the University due to the stress caused by Coonce.  Receipt of the Written Reprimand/Final Warning made me ineligible for any other positions with the University at that time.

On September 26, 2023, I submitted an appeal to the Written Reprimand/Final Warning I had received on September 18, 2023 to Senior Director of Compliance, Sara Wright ("Wright").  I discussed my appeal with Wright on October 4, 2023, and for the third time discussed the discriminatory and retaliatory conduct by Coonce and suggested that others be interviewed.  I never received any further response or determination of my appeal prior to my employment being terminated on October 12, 2023.

On September 21, 2023, I was involved in a vehicle accident on my way to work and I requested leave under the Family Medical Leave Act ("FMLA") at the direction of my physician.  There was some confusion over my leave request, due in part to the way Goodwin mistakenly completed a questionnaire, which delayed the approval, so I had no choice but to work until approval was received for fear of being fired by Coonce for failing to perform my duties.  However, Goodwin, Coonce and Human Resources were all aware of my request (and need) for FMLA leave.  On October 10, 2023, my leave was finally approved, and I began my FMLA leave at the direction of Human Resources.  The following day, October 11, 2023, I received e-mails and texts regarding a mandatory meeting with Coonce on October 12, 2023.

Based on the tone of the correspondence, I believed that my employment was going to be terminated.  Therefore, on October 12, 2023, at 1:36 A.M., I submitted a written complaint via e-mail for violation of University policy and the FMLA.  My complaint was sent to four (4) employees of the Human Resources department.  This demonstrates the continued pattern of discriminatory and illegal conduct against me, violating my rights under the FMLA.

Despite having submitted my complaint, at 10:00 A.M. on October 12, 2023, Coonce terminated my employment.  The written letter of termination cites the two (2) IA investigations that "shed light on a lack of oversight and accountability" that resulted in my being issued the Written Reprimand/Final Warning on September 18, 2023.  It further states that, since being issued the final warning, two (2) additional cases were initiated for investigation.  This statement is false, as the two (2) additional IA investigations were initiated nine (9) days before I was given the Written Reprimand/Final Warning regarding the first two (2) IA investigations, I was interviewed regarding them within hours after receiving the Written Reprimand/Final Warning, and to my knowledge, those investigations were never completed.  The termination letter concludes with stating that Coonce had lost confidence in my ability to serve in my current leadership role at WUPD.

(continued on next page)

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 03/12/2024              *[signature]*<br>Date                        Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To:
☐ FEPA
☐ EEOC

Agency(ies) Charge No(s):

*Missouri Commission on Human Rights* and EEOC
State or local Agency, if any

The disciplinary actions and the termination of my employment were discriminatory, retaliatory, and done in violation of both WUPD and University policies. Knowing that its conduct was discriminatory, Respondent also violated my substantive and procedural rights to due process by failing to follow the Missouri Law Enforcement Officers Bill of Rights (RSMo. § 590.502) with regard to my Written Reprimand/Final Warning and the termination of my employment.

Respondent has acted maliciously, outrageously, in bad faith, and in wanton disregard for my rights. I believe that Coonce initiated all of the IA investigations to create pretextual reasons to terminate my employment or force me to retire. This is not my opinion alone. Twenty-one (21) of my fellow employees told me that I was being targeted by Coonce.

In addition to me, Coonce has also discriminated and harassed several other long-tenured male employees, all of whom are near or over fifty (50) years of age, including Goodwin, Habermaas, Sgt. Geoff Himstedt ("Himstedt"), Sgt. Marc McGary ("McGary") and Police Officer Darmon Swanson ("Swanson").

McGary was the subject of an IA investigation that led to the termination of his employment in May 2023. When Swanson went through the promotional process for Sergeant, Coonce bypassed him and promoted four (4) others, including two (2) substantially young officers, with much less experience than Swanson.

After the termination of my employment, Himstedt was appointed Interim Lieutenant and subsequently demoted after he filed a complaint of discriminatory conduct. He was replaced by a recently hired, substantially younger female, Nicole Gentinili ("Gentinili"), and Coonce told Himstedt that he would not be promoted, but that he would remain Interim Lieutenant until Gentinili was ready to take over.

Coonce consistently treats younger employees more favorably, including promoting and hiring younger employees.

The severe and pervasive discrimination and harassment by Respondent resulted in a toxic and hostile work environment which has caused severe emotional distress that negatively impacted my health and well-being as a result of the extreme, outrageous, intentional and reckless conduct of Respondent that I endured for over a year, which caused me to seek counseling.

I was retaliated against for participating and supporting Goodwin's grievance, as well as my own subsequent written and verbal complaints of discriminatory and disparate treatment.

(continued on next page)

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 03/12/2024       *[signature]*<br>Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☐ EEOC | Agency(ies) Charge No(s): |
|---|---|---|

*Missouri Commission on Human Rights* and EEOC
State or local Agency, if any

I believe that I have been discriminated against because of my gender (male), my age, and in retaliation for opposing discriminatory practices, in violation of Title VII of the Civil Rights Act of 1964, the Missouri Human Rights Act, the Age Discrimination in Employment Act, that Respondent has acted maliciously, outrageously, in bad faith, and in wanton disregard for my rights. The specific instances of discrimination, harassment, retaliation, and violation of law identified herein are not an exhaustive list of the discriminatory, retaliatory or illegal conduct engaged in by Respondent.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 23/24/2024 [signature]<br>Date       Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so <u>within 15 days</u> of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.