IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT WAYNE, ) | |
| ) | |
|       Plaintiff, ) | |
| ) | Cause No. 4:24-cv-01723-MTS |
| v. ) | |
| ) | |
| THE WASHINGTON UNIVERSITY, ) | |
| D/B/A WASHINGTON UNIVERSITY, ) | |
| ) | |
|       Defendant. ) | |

## JOINT PROPOSED SCHEDULING PLAN

COME NOW Plaintiff, Robert Wayne, and Defendant, The Washington University d/b/a Washington University, jointly and through counsel, and submit the following Joint Proposed Scheduling Plan, in accordance with the Court's May 16, 2025 Order Setting Rule 16 Conference. Counsel for the parties have conferred in writing and by telephone in order to prepare this Joint Proposed Scheduling Plan.

(a)    The parties agree this case is appropriate for assignment to **Track 2**.

(b)    The parties shall file any motions to join additional parties and/or amend the pleadings on or before **August 15, 2025.**

(c)    The parties agree to the following discovery plan:

    (i)    The parties understand they have a duty to preserve relevant electronically stored information ("ESI"). The parties agree that discovery involving ESI will not occur until after the parties have exchanged other written discovery and then only if the discovery is relevant and proportional as set forth in Rule 26(b).

(ii) The parties have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production: As soon as practicable after a claim of privilege arises or is identified after inadvertent production of any information or documents, the party claiming such privilege or protection shall notify the opposing party in writing, including identification of the claimed document(s) by Bates Stamp number, if applicable; the basis for such claim of privilege or protection; and all other information required for a privilege log under the applicable rules, without waiving such privilege or protection. Upon receipt of written notice of the alleged inadvertent disclosure, the receiving party, without prejudice to its right to contest the applicability of the privilege or attorney work product designation, shall immediately return all copies (electronic and paper) of such information or documents to the producing party or otherwise certify as to its destruction, and the receiving party shall not use such information or documents for any purpose. If the receiving party disclosed the information or documents before being notified, it must take reasonable steps to retrieve such material. If the parties are not in agreement with respect to the claim of privilege or protection and they agree that the dispute is substantive, the party challenging the existence of such privilege or protection shall file a motion to compel with the Court.

(iii) The parties shall make initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) by **August 11, 2025**.

(iv) Discovery should not be conducted in phases or limited to certain issues.

(v) The parties agree that the presumptive limits of ten (10) depositions per party and twenty-five (25) interrogatories per party should apply in this case.

(vi) Plaintiff shall disclose any expert witnesses' identities and reports by **December 22, 2025.** Plaintiff will make expert witnesses available and expert witnesses will be deposed no later than **January 22, 2026**. Defendant shall disclose its expert witnesses' identities and reports by **February 23, 2026.** Defendant will make expert witnesses available and expert witnesses will be deposed no later than **March 25, 2026.**

    (ix)    Discovery shall be completed by **April 30, 2026**.

(d)    Dispositive motions shall be filed by **May 29, 2026**.

(e)    The case should be ready for trial by **October 26, 2026**

(f)    The parties anticipate the trial will last approximately **five (5) to eight (8) days**.

Dated: June 11, 2025

Respectfully submitted,

| THE HESSE GROUP, LLC | HAAR & WOODS, LLP |
|---|---|
| By:*/s/ Daniel J. Doetzel*<br>Daniel J. Doetzel, #46788MO<br>Willie T. McGarry, #68244MO<br>13354 Manchester Road, Suite 210<br>St. Louis, MO 63131<br>(314) 480-3937 – Telephone<br>(314) 480-3938 – Facsimile<br>dandoetzel@hgstl.com<br>williemcgarry@hgstl.com<br>*Attorneys for Plaintiff* | By:*/s/ Lisa A. Pake*<br>Robert T. Haar, #30044MO<br>Lisa A. Pake, #39397MO<br>1010 Market Street, Suite 1620<br>St. Louis, Missouri 63101<br>(314) 241-2224<br>(314) 241-2227 (Facsimile)<br>roberthaar@haar-woods.com<br>lpake@haar-woods.com<br>*Attorneys for Defendant Washington University* |