## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| ROBERT WAYNE, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:24-cv-01723-MTS |
| THE WASHINGTON UNIVERSITY, | ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

Plaintiff Robert Wayne worked in Defendant Washington University's Police Department. In this action, Plaintiff maintains that Defendant unlawfully discriminated against him and harassed him based on his age and gender and retaliated against him for protected activities, including his use of medical leave. To that end, Plaintiff brings a dizzying amount of claims. He included counts under the Age Discrimination in Employment Act of 1967, the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Missouri Human Rights Act, and the Family and Medical Leave Act of 1993. All told, he asserts twelve counts. Defendant filed a motion to dismiss in part, seeking dismissal of all Plaintiff's claims except for his age discrimination claims under the Age Discrimination in Employment Act and the Missouri Human Rights Act. *See* Doc. [15]; *see also* Fed. R. Civ. P. 12(b)(6). After reviewing the briefs on the Motion and the Complaint in their entirety, the Court concludes that the Motion should be granted in part. *See Lustgraaf v. Behrens*, 619 F.3d 867, 872–73 (8th Cir. 2010) (discussing motion to dismiss for failure to state a claim standard).

\*

"[A] complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  The Court concludes that, except for his harassment claims, Plaintiff has sufficiently, albeit barely, "nudged" the contested claims "across the line from conceivable to plausible."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  His claims may falter under future pressures, but those are determinations for future challenges, should they be made.  *Cf. id.* at 556 ("[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that a recovery is very remote and unlikely.'"); *United States ex rel. Bookwalter v. UPMC*, 946 F.3d 162, 168 (3d Cir. 2019) ("Our job is not to dismiss claims that we think will fail in the end."); *Hageman v. Minn. Dep't of Corr.*, No. 22-2098, 2023 WL 4760732, at \*1–2 (8th Cir. July 26, 2023) (unpublished per curiam) (recognizing that the differing standards between "dismissal at the summary judgment stage compared to the motion to dismiss stage" often make the "dispositive difference").

As to Plaintiff's harassment claims, though, the Court finds Defendant's Motion should be granted.  To be sure, there is no heightened pleading standard for harassment or hostile work environment claims.  *Kinney v. McDonough*, No. 21-1414, 2022 WL 223633, at \*6 (6th Cir. Jan. 26, 2022) (unpublished per curiam) ("On a motion to dismiss a hostile-work-environment claim, 'the ordinary rules for assessing the sufficiency of a complaint apply.'" (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002))); *Magellan v. McAleenan*, 5:19-cv-01410-OLG, 2020 WL 13561344, at \*2 (W.D. Tex. Oct. 7, 2020) (similar).  *Contra, e.g.*, Doc. [16] at 9; Doc. [25] at 5.  But the "standard for *demonstrating* a

hostile work environment on the basis of sexual harassment is a demanding one." *Cross v. Prairie Meadows Racetrack & Casino, Inc.*, 615 F.3d 977, 981 (8th Cir. 2010) (emphasis added); *accord Duncan v. County of Dakota*, 687 F.3d 955, 959 (8th Cir. 2012) (explaining that "proving actionable harm is a high threshold" in a hostile work environment case).

Here the Court concludes, "as a matter of law, that the facts alleged in [the] complaint fail to show harassment so severe or pervasive that they satisfy the high threshold for a . . . claim based on hostile work environment." *See Blomker v. Jewell*, 831 F.3d 1051, 1057 (8th Cir. 2016).  Plaintiff's allegations simply do not show the type of "harassment so severe and pervasive that it 'affect[ed] the terms, conditions, or privileges of [his] employment.'" *Davis v. McDonough*, No. 23-3419, 2025 WL 212065, at *2 (8th Cir. Jan. 16, 2025) (unpublished per curiam) (quoting *Mahler v. First Dakota Title Ltd. P'ship*, 931 F.3d 799, 806 (8th Cir. 2019)); *see also* Charles A. Sullivan, *Plausibly Pleading Employment Discrimination*, 52 Wm. & Mary L. Rev. 1613, 1638, n.131 (2011) (noting that, since harassment "do[es] not turn on information as to which the defendant has greater access than the plaintiff," unlike other discrimination claims, "the plaintiff should be able to allege the acts that constitute the harassment in order to allow the court to determine whether it is plausible that the conduct was sufficiently 'severe or pervasive' to be actionable").

\* \* \*

For the reasons explained herein, the Court will grant Defendant's Motion in part and deny it in part.  Plaintiff's claims for harassment under all his proffered legal theories, Counts II, V, X, and XI, will be dismissed.  His claims in Counts I, III, IV, VI–IX, and XII will remain.

- 4 -

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Washington University's Motion to Dismiss, Doc. [15], is **GRANTED** in part and **DENIED** in part consistent with this Memorandum and Order. Defendant shall file its Responsive Pleading no later than **Friday**, **July 25, 2025**.

Dated this 11th day of July 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE