**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| ROBERT WAYNE,<br><br>*Plaintiff*,<br><br>v.<br><br>THE WASHINGTON UNIVERSITY,<br><br>*Defendant*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 4:24-cv-01723-JMD |

**ORDER DENYING MOTION FOR RECONSIDERATION**

The motion to reconsider, ECF 82, is denied. As the Court previously concluded, the university is entitled to judgment as a matter of law on the question whether it was legally justified in terminating Wayne. But there remains a triable issue of fact about whether the university altered the timing of termination to retaliate against Wayne for taking FMLA leave. Contrary to the university's argument, Wayne's theory does not rest on temporal proximity alone. As the university acknowledges, its decision to terminate Wayne "was made well before the FMLA leave." ECF 91 at 1. So why did the university, after delaying the termination date for weeks, suddenly terminate Wayne just one day after he notified the university that he was beginning FMLA leave? A reasonable jury could determine that the very close temporal proximity between the leave notice and the termination date, when combined with the university's previous decision to delay termination for weeks, means that the university accelerated the termination date in retaliation for Wayne's FMLA leave.

The university notes that the judge previously assigned to this case suggested that Wayne's case is weak and "may falter." ECF 83 at 18 (quoting ECF 31 at 2). But having a bad case on the evidence is not the same as having no case. It may also be that any decision to try this case will entail litigation costs far disproportionate to any damages that might be

obtained on this narrow remaining issue. But a court cannot grant summary judgment based on a mismatch between costs and anticipated rewards.

The parties are also reminded that if they settle, they must notify the Court immediately. If a failure to timely notify the Court leads to jury expenses, then the Court will assess costs against the parties. *See, e.g.*, E.D. Mo. L.R. 8.04.

**IT IS HEREBY ORDERED** that the university's motion to reconsider, ECF 82, is **DENIED**.

Dated this 23rd day of October, 2026.

JOSHUA M. DIVINE
UNITED STATES DISTRICT JUDGE
FOR THE EASTERN AND WESTERN
DISTRICTS OF MISSOURI